# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MARZUQ AL-HAKIM,**

      **Plaintiff,**

**vs.**                               **Case No. 4:05cv506-WS/WCS**

**Z. CULPEPPER, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has submitted a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.

Plaintiff, an inmate incarcerated within the custody of the Florida Department of

Corrections, has also submitted a motion seeking leave to proceed *in forma pauperis.*

Doc. 2.

Plaintiff previously filed a civil rights case in this district, number 4:00cv383-WS,

which was dismissed on November 16, 2000, for failure to state a claim because

Plaintiff failed to exhaust administrative remedies.  Doc. 28 of that case.  Plaintiff

appealed the dismissal and the appeal was dismissed by the Eleventh Circuit as

frivolous.  Docs. 46, 48 of that case.  Those two dismissals count as "strikes" pursuant

to 28 U.S.C. § 1915(g).  Plaintiff also filed another civil rights case, number 4:01cv429-WS, which was similarly dismissed by this Court for failure to state a claim and because the claims were barred by the statute of limitations.  Doc. 16 of that case.  Plaintiff also appealed that dismissal and the appeal was dismissed by the Eleventh Circuit as frivolous.  Doc. 30 of that case.  Those two dismissals count as "strikes" pursuant to 28 U.S.C. § 1915(g), bringing Plaintiff's total § 1915 dismissals to four.  Plaintiff has, accordingly, accumulated four dismissals on the grounds that the actions were frivolous or failed to state a claim upon which relief may be granted.  Therefore, pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed *in forma pauperis* in federal court and his motion, doc. 2, must be denied.

The instant complaint does not allege that Plaintiff is under imminent danger of serious physical injury and, thus, the allegations do not bring Plaintiff within the "imminent danger" exception to the three "strikes" bar of § 1915(g).  Indeed, Plaintiff's claims appear to be based on the issuance of a disciplinary report for which Plaintiff lost gain time and which has not been restored.  Thus, this civil rights action is also meritless because such claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Moreover, Plaintiff has failed to identify any of the complaints which were previously dismissed under § 1915.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, this case should be dismissed.  The dismissal should be without prejudice to Plaintiff presenting his allegations in a complaint for which he pays the full $250.00 filing fee at the time of filing.

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be

**DISMISSED** because Plaintiff did not submit the filing fee at the time of case initiation

and Plaintiff is not entitled to proceed *in forma pauperis*.

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2006.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**